UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| MICHAEL BAUGHER, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:13cv397 |
| NORTHSTAR LOCATION SERVICES, LLC, | ) |
| Defendant. | ) |

FILED JUL 18 2013 CLERK, U.S. DISTRICT COURT NORFOLK, VA

## PLAINTIFF'S COMPLAINT

Plaintiff, MICHAEL BAUGHER ("Plaintiff"), through his attorneys, alleges the following against Defendant, NORTHSTAR LOCATION SERVICES, LLC, ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. §1331 and also 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

4. Plaintiff is a natural person residing in Chesapeake, Virginia.

5. Plaintiff is a consumer as that term is defined by the FDCPA.

6. Defendant is a debt collector as that term is defined by the FDCPA.

7. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

8. Defendant is a collection agency headquartered in Cheektowaga, New York.

9. Defendant is a business entity engaged in the collection of debt within the State of Virginia.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Defendant is attempting to collect a consumer debt from Plaintiff.

15. Plaintiff is informed and believes, and thereon alleges, that the alleged debt arises from transactions for personal, family, and household purposes.

16. In or around February 2013, Defendant began placing repeated collections calls to

Plaintiff and also to Plaintiff's family members in connection with the alleged debt.

17. Defendant places calls from 888-820-0963, which is a phone number belonging to Defendant.

18. Defendant calls Plaintiff at 757-717-3646, which is Plaintiff's personal cell phone number.

19. Defendant also places repeated calls to 757-421-9505, which is a phone number belonging to Plaintiff's father- and mother-in-law.

20. When Defendant calls Plaintiff's in-laws, Defendant leaves messages on their voicemail disclosing that the call is an attempt to collect a debt from Plaintiff.

21. Plaintiff's in-laws' incoming voicemail greeting message states that the caller "has reached the Olah residence" and so Defendant has repeatedly been placed on notice that it is calling a number not belonging to Plaintiff.

22. Plaintiff's in-laws are not co-debtors or co-signers on the alleged debt.

23. Throughout the period in question, Defendant has called Plaintiff and also Plaintiff's in-laws often once to twice per day in connection with the alleged debt.

24. Despite the fact that Plaintiff has not yet been able to speak with Defendant in connection with the alleged debt, and that Plaintiff's in-laws' incoming voicemail greeting message identifies the number as not belonging to Plaintiff, Defendant has continued to place repeated collections calls to Plaintiff's in-laws disclosing that Plaintiff owes a debt.

25. All of the above actions by Defendant have caused Plaintiff to suffer great embarrassment, humiliation, and anxiety before his family.

26. All of the above actions by Defendant were intended to intimidate, harass, and coerce

Plaintiff into payment of the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

27. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated *§1692c(b)* of the FDCPA by communicating with third parties other than the consumer in connection with the collection of a debt without the prior consent of the consumer when, since approximately February 2013, Defendant placed repeated calls to 757-421-9505, a phone number belonging to Plaintiff's in-laws, and left voicemail messages stating that Defendant is attempting to collect a debt from Plaintiff, despite the fact that Plaintiff's in-laws are not co-debtors or co-signers on the alleged debt and that their incoming voicemail greeting message clearly identifies their number as one not belonging to Plaintiff;

   b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt when, since approximately February 2013, Defendant placed repeated collections calls to Plaintiff and also to Plaintiff's in-laws, despite the fact that Plaintiff's in-laws are not co-debtors or co-signers on the alleged debt, and left repeated voicemail messages stating that Defendant is seeking and demanding payment from Plaintiff; and

   c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number when, since

approximately February 2013, Defendant placed repeated collections calls to Plaintiff and also to Plaintiff's in-laws, seeking and demanding payment on the alleged debt.

28. Defendant's acts as described above were done intentionally and with the purpose of coercing Plaintiff to pay the alleged debt.

29. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, MICHAEL BAUGHER, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

30. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

33. Any other relief this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

July 15, 2013

By: /s/ _____
Richard W. Ferris, Esq.
Ferris Winder, PLLC
530 East Main St. Suite 710
Richmond, VA 23219
(804) 767-1800
rwferris@ferriswinder.com